## Case No. 958.

### In re BANKS.

[1 N. Y. Leg. Obs. 274; 5 Law Rep. 371.] [1]

District Court, S. D. New York. 1843.

BANKRUPTCY—DISCHARGE — FRAUD — OBJECTIONS TO DECREE—BOOKS OF ACCOUNT.

1. Objections which might have been urged to show that a decree ought not to have been granted, will be considered waived after the court have declared the petitioner a bankrupt.

2. To make out a case against a bankrupt to justify the court in refusing him his discharge and certificate, there must appear by indisputable evidence some act of fraud, willful concealment of property, &c., or facts, from which such a deduction would be plain and palpable.

3. It is not put upon the bankrupt to show that he has kept proper books of account, &c., it is for the creditor, impugning his right to a discharge and certificate, to make out, by satisfactory proof, such a case as will bar the bankrupt's right to an allowance thereof.

In bankruptcy. This case came before the court on objections to the allowance of discharge and certificate to [Mark Banks] the bankrupt, the circumstances of which sufficiently appear in his honor's adjudication.

Benedict and Belknap, for creditors.
Sandford and Marselis, for bankrupt.

Before BETTS, District Judge.

BETTS, District Judge. The objection to a certificate and discharge must rest upon the particulars designated by the statute as causes for refusing it to a bankrupt. Such matters as touch only the regularity or frame of the proceedings should be brought forward on the first notice, or after a decree of bankruptcy they will be regarded as waived. It would be grossest injustice to bind a party by the decree, and never allow his property to be rescued from it, and yet defeat all its beneficial effects to him by objections of mere form, tending to show that the decree ought not to have been rendered. Congress manifestly intended, by this double set of notices, to show cause to discriminate classes of objections that should be urged under the first, or the advantage of them be lost as to creditors.

I lay out of view all but two of the eight objections filed, because part belonged appropriately to the petition to be declared a bankrupt, and there is no evidence applicable to any except the 5th and 6th against the petition for a certificate and discharge; which are, that he has been guilty of a wilful concealment of his property or rights of property, and has admitted a false or fictitious debt against his estate. No direct proof is offered which supports these allegations in their terms or even spirit, and the counsel seeks to maintain them argumentatively, and by inference and presumption.

The concealment of property, or rights of

---

[1] [5 Law Rep. 371, contains partial report only.]

property, attempted to be shown, relates to Virginia mining stock received by Benedict in satisfaction of a debt due the firm of which the petitioner was a partner.

It is to be remarked, that there is not, in the testimony or papers of the bankrupt, proof that the debt this stock satisfied, belonged in any respect to the petitioner, and if there be a legal interest with him in it, that he set up such right, or supposed he possessed it. A bond of $3,000, owned by the firm, had been assigned to one of their creditors as collateral security for a large debt, and this stock was afterwards accepted, with the assent of the bankrupt, in discharge of that bond, but the bearing of the transaction and subsisting interests of the parties import what the testimony most strongly tends to prove, that the payment of stock was for the benefit of the holder of the bond, and not of the bankrupt. Until there is clear evidence showing that he did not so understand the matter, there will be no foundation laid for imputing wilful concealment to him in the transaction. A similar observation may be made with respect to various choses in action transferred to other creditors as collateral securities. There must be, first, evidence of his scienter, that there could be a surplus, or of facts from which that deduction would be plain and palpable, before any presumption can be raised that he designed a fraudulent concealment. But this consideration is to be connected with the bearing and effect attributable to the evidences, that the bankrupt has given some statement of these assets, and, if only imperfect in form or precision, the exception should have been taken previous to the decree of bankruptcy. That would be sufficient cause to stay his petition for a decree until the petitioner had reformed his schedules, so as to furnish every particular demanded by the statute in a manner satisfactory in substance and form.

I cannot, with these principles in view, find just cause in the proofs for charging that the bankrupt has been guilty of wilful concealment of his property or rights of property. It seems to me, also, that there is no satisfactory evidence supplied of the admission of false or fictitious debts by the petitioner against his estate. Taking the insertion in the schedule of a spurious demand to be a violation of the statute in this respect, I do not find that fact made out by the proofs.

Great stress has been laid upon the debt set forth as owing to Benjamin J. Knapp, to the amount of $13,071.35, because the bankrupt has also stated, that large amounts of the assets of the estate were placed with this creditor to meet that debt, and also, because, when sued on that bond by the creditor, the bankrupt pleaded payment and verified the plea by his oath. The bankrupt does not state this as an absolute debt. He gives the date and amount of the bond, adding that a suit has been brought on it, and is

now pending. He refers to notes deposited for its security, and in Schedule B particularizes those notes. Now, whether this method of describing the claim, and its actual condition as a demand upon the estate, be sufficient and allowable, is not the question raised by the objection. The point made is, that the debt is known by the petitioner to be false and fictitious. Clearly, that language of the act cannot embrace a claim admitted to be just in its origin, but against which the obligor insists upon rights of set-off, and, indeed, asserts that the debt itself is satisfied. The difference between stating a bond and debt unquestionably outstanding against a party, with his claim of defence to it, and fabricating a debt where none exists in fact, is too palpable to mislead any one. No creditor, reading over these papers, can suppose this entire debt is admitted as subsisting against the estate. The bond for its full engagement is admitted to be valid, and then the assets hypothecated for its satisfaction, greatly exceeding it in amount, are specified. This, in my opinion, entirely obviates the point of the objection.

Numerous criticisms were applied by counsel to other portions of the schedules, but they were mostly to matters of form. The only specific matter insisted on, covered by the objections, and not already considered, was, that the petitioner, being a merchant, did not keep proper books of account. It only appears upon the proofs, that the petitioner is by profession a merchant, not that he was at the time of his petition, or had been for several years preceding, engaged in the transaction of mercantile business. The proper books of account called for by the statute are those appropriate to the business pursued by the party, and such as will exhibit a full account of his dealings as a merchant. But the petitioner is not compelled to furnish evidence of the fact on his part. The creditor, impugning his right to be decreed a final discharge, must give satisfactory proof of the matter which is to bar such discharge. The creditors show no continued trading requiring the keeping of regular books, and, accordingly, the mere non-existence of books of account interposes no obstacle to the discharge prayed for.

The court, in disallowing, in this and various other cases, the objections offered by the creditors to a free certificate being granted, does not enter into the moral obligations subsisting between him and those who have given him credit. Nor is it intended, in any manner, to affirm that all such cases are clear of doubts and uncertainties as to the integrity of parties who are opposed. But the court limits its judgment to the facts in proof as applied to the charges preferred against the bankrupts. In this case, then, according to my view of the objections and the evidence, there is not enough shown to bar the discharge and certificate. Decree accordingly.